IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

TONIA ROUNSAVALL                                                    PLAINTIFF

V.                           NO. 3:18-CV-39-BRW-BD

SOCIAL SECURITY ADMINISTRATION                                      DEFENDANT

## RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to Judge Billy Roy Wilson. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection.

To be considered, your objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Introduction:

On April 3, 2015, Tonia Rounsavall applied for disability benefits, alleging disability beginning September 12, 2011. (Tr. at 14) Ms. Rounsavall's claims were denied initially and upon reconsideration. *Id.* After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 24) Ms. Rounsavall requested that the Appeals Council review the ALJ's decision, but that request was denied. (Tr. at 1) Therefore, the ALJ's decision now stands as the final decision of the

Commissioner. Ms. Rounsavall filed this case seeking judicial review of the decision denying her benefits.

## II. **The Commissioner's Decision:**

The ALJ found that Ms. Rounsavall had not engaged in substantial gainful activity since the amended alleged onset date of August 1, 2014. (Tr. at 16) At step two of the five-step analysis, the ALJ found that Ms. Rounsavall had the following severe impairments: fracture of right foot and left leg in May 2016, osteoarthritis, degenerative disc disease, obesity, and affective disorder. *Id*.

After finding that Ms. Rounsavall's impairments did not meet or equal a listed impairment (Tr. at 16), the ALJ determined that Ms. Rounsavall had the residual functional capacity ("RFC") to perform the full range of sedentary work, with additional limitations. (Tr. at 18) She could only occasionally reach overhead with her left upper extremity and only occasionally climb ramps or stairs. *Id*. She could never climb ladders, ropes, or scaffolds. *Id.* She could only occasionally balance, stoop, kneel, crouch, or crawl. *Id*. She could never work at unprotected heights or around moving mechanical parts. *Id*. She would be limited to simple, routine, and repetitive tasks and could make simple work-related decisions. *Id*. Supervision must be simple, direct, and complete. *Id*. She could only have incidental interpersonal contact with coworkers and the public. *Id*. She must be able to use a cane to ambulate. *Id*.

The ALJ next found that Ms. Rounsavall was unable to perform her past relevant work. (Tr. at 23) At step five, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, based on Ms. Rounsavall's age, education, work experience and RFC,

she was capable of performing work in the national economy as assembler and surveillance monitor. (Tr. at 24) Based on the determination, the ALJ held that Ms. Rounsavall was not disabled. *Id.*

## III. Discussion:

### A. Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means "enough that a reasonable mind would find it adequate to support he ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009)(citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997)(citation omitted).

### B. Ms. Rounsavall's Arguments on Appeal

Ms. Rounsavall contends that the ALJ's decision to deny benefits is not supported by substantial evidence. She argues that the ALJ did not give proper weight to the opinions of Drs. Jason Brandt, Joseph Yao, and consultative examiner Samuel Hester. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Ms. Rounsavall complained of back pain and knee pain starting in 2013. An MRI of the left knee in November of 2013 showed degeneration without evidence of a surfacing tear, as well as bursitis and a tear of the patellofemoral ligament. (Tr. at 387) Ankle and lower leg x-rays taken in 2013 were normal. (Tr. at 400)

Ms. Rounsavall explained to her doctor in December of 2013 that she was well enough to remodel her bathroom, and that a steroid injection had helped her knee. (Tr. at 402) The ability to remodel a bathroom undermines Ms. Rounsavall's disability claim. She said on at least six occasions over the relevant time-period that pain medication helped her with symptoms. (Tr. at 70, 402, 422, 513, 682, 873, 898) Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). Dr. Shalender Mittal, M.D., saw Ms. Rounsavall on many occasions from 2013 to 2015; and he found mostly normal musculoskeletal exams with normal muscle strength, gait, and coordination. (Tr. at 522, 530, 558, 565, 682) Normal examination findings are not indicative of disabling pain. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). He also told Ms. Rounsavall to exercise, and that her weight was a complicating factor. (Tr. at 553-573) A physician's recommendation to exercise suggests that a claimant has an increased functional capacity. *See Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009).

A cervical MRI in 2015 showed mild degenerative disc disease and mild foraminal narrowing. (Tr. at 540) Objective tests showing only mild-to-moderate conditions do not

4

support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004). Ms. Rounsavall did have lumbar surgery in 2015, but was recuperating from that as of November of 2015, and she did not consistently complain of back pain thereafter. (Tr. at 890) She rated her pain as a 2 on a 10-point scale in December of 2015. (Tr. at 898) A 2016 lumbar MRI was grossly normal. (Tr. at 74-75)

Ms. Rounsavall's positive response to pain medications, her ability to cook meals, clean her house, take her daughter to school, and shop for groceries are activities that do not indicate limitations beyond those imposed in the RFC. (Tr. at 309-316)

In May 2016, Ms. Rounsavall broke her leg and foot, and had surgery to repair a foot fracture. (Tr. at 991) Dr. Brandt encouraged her to exercise and bear weight as tolerated. (Tr. at 1026-1032, 1084) The injuries were acute, not chronic, and thus, do not meet the durational requirement for disability cases. Still, the ALJ accounted for mobility problems by assigning the use of a cane in the RFC.

Ms. Rounsavall argues that the ALJ did not properly consider medical source statements from Dr. Brandt and Dr. Yao. Their statements, from June 16, 2016 and September 7, 2016, respectively, indicate significant postural limitations for Ms. Rounsavall. (Tr. at 1012, 1086) A treating physician's opinion should be granted controlling weight if it is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). The opinion of a treating

physician, however, does not automatically control; nor does it eliminate the need to evaluate the record as a whole. *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001).

The treating doctors' opinions were both on short, check-box forms with little elaboration. A conclusory check-box form has little evidentiary value when it cites to no medical evidence and provides little or no elaboration. *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012). The mild objective testing results and mostly normal clinical examinations throughout Ms. Rounsavall's history do not support such limitations. Again, her ability to engage in activities of daily living and her positive response to medication undermine the treating doctors' conclusions. And most of Ms. Rounsavall's treatment came from Dr. Mittal, who did not provide an opinion on functional capacity, but rather, consistently urged her to exercise and lose weight. The ALJ properly considered the medical evidence as a whole; and the weight afforded the opinions of Drs. Brandt and Yao was not error.

Ms. Rounsavall also argues that a minor portion of the opinion of Dr. Samuel Hester, Ph.D., should have carried more weight. Dr. Hester examined Ms. Rounsavall on August 12, 2015. (Tr. at 693) He found that she could communicate effectively and cope with the mental demands of work-like tasks. (Tr. at 699) He added that she could sustain concentration and persistence. *Id.* However, he also opined that Ms. Rounsavall might not be able to complete tasks in an acceptable timeframe due to pain.

First, this was a mental, not physical, examination, so Dr. Hester's opinion on physical pain does not carry clinical weight. Moreover, Ms. Rounsavall had mostly normal mental status examinations throughout her history, and never sought formal psychiatric treatment. Thus, her final argument fails.

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision that Ms. Rounsavall was not disabled. The ALJ gave proper weight to all medical opinions. The decision, therefore, should be affirmed and the case dismissed, with prejudice.

DATED this 6th day of September, 2018.

_____
UNITED STATES MAGISTRATE JUDGE